UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL DANIELS, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 6:19-cv-00192-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| SOUTH KENTUCKY RURAL | ) | **ORDER** |
| ELECTRIC COOPERATIVE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Daniels filed suit against his former employer, South Kentucky Rural Electric Cooperative Corporation, for wrongful termination. The Cooperative removed this case to federal court because Count II of Mr. Daniels' complaint invokes the First Amendment of the United States Constitution. Mr. Daniels moved to remand this case on the grounds that his claims are rooted in Kentucky law and federal question jurisdiction is not implicated. The Court agrees. For the following reasons, Mr. Daniels' Motion to Remand [R. 6.] is GRANTED.

**I**

Plaintiff Michael Daniels initiated this suit in Wayne Circuit Court. [R. 1-1.] Defendant South Kentucky Rural Electric Cooperative Corporation (the Cooperative) filed its Notice of Removal pursuant to 28 U.S.C. § 1331 on August 9, 2019 arguing this Court had Federal Question jurisdiction. Mr. Daniels makes three claims against his former employer. In Count I, Mr. Daniels alleges a violation of K.R.S § 344.010, *et seq.*, stemming from his termination. [R. 1-1 at ¶¶ 6–10.] In Count III, Mr. Daniels accuses Defendant of an unlawful agreement with

another party to terminate him. *Id.* at ¶¶ 16–21. At issue is Count II, which charges the following:

> 11. Plaintiff incorporates each and every allegation set forth in Paragraphs 1-10 of this Complaint as if fully stated herein.
> 12. The termination of the Plaintiff was contrary to a fundamental and well-defined public policy, namely his rights guaranteed under the First Amendment of the United States Constitution.
> 13. The termination of the Plaintiff was a retaliatory action which stemmed from disagreements between the Plaintiff and Defendant, whereby Plaintiff used his right to freedom of speech in defending himself, leading to the Defendant retaliatorily terminating the Plaintiff and doing so under the guise of violations of company policies and procedures.
> 14. The Plaintiff suffered an adverse employment action as a result of the actions of the Defendant.
> 15. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered great emotional distress and/or embarrassment and/or humiliation and/or mental anguish and wage loss and lost benefits.

[R. 1-1 at ¶¶ 11–15.] The Cooperative contends that Mr. Daniels' reference to the First Amendment means that his claim in Count II is based on federal law. [R. 8 at 3.] The Cooperative further argues jurisdiction is proper here because "it is necessary to resolve whether or not his First Amendment Rights . . . were violated." *Id.* To the contrary, Mr. Daniels says his complaint is "rooted in state law," and argues that mere mention of a federal statute or Constitutional amendment is insufficient to confer federal question jurisdiction. [R. 7 at 2.] Mr. Daniels is correct.

## II

### A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. Congress has opened the doors of the federal courts to "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. To

determine whether a claim "arises under" federal law so as to provide jurisdiction under these statutory provisions, courts employ the "well-pleaded complaint" rule. *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (citing *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003)). Under this rule, "[f]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

**B**

"[T]he 'arising under' gateway into federal court in fact has two distinct portals." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). The first portal "admits litigants whose causes of action are created by federal law, that is, where federal law provides a right to relief." *Id.* (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). In instances where "federal law provides the right to sue, the case may proceed in federal court." *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756 (E.D. Ky. 2014).

The second portal is smaller. Sometimes, federal question jurisdiction will lie over state law claims that involve "significant federal issues." *Eastman*, 438 F.3d at 550 (quoting *Grable & Sons Metal Prods., Inc. v. Darye Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). That is, federal issues embedded within state law claims will trigger federal question jurisdiction if they are "1) necessarily raised, 2) actually disputed, 3) substantial, and 4) capable of resolution in federal court without upsetting the traditional balance of state and federal judicial power." *Dillon*, 992 F. Supp. 2d at 756 (citing *Grable*, 545 U.S. at 313–14).

The Cooperative seeks entry through both portals. It argues that "Plaintiff has based his public argument solely in the United States Constitution," and that therefore "[t]he cause of action is based on federal law." [R. 8 at 3.] The Cooperative also contends that jurisdiction is proper because "it is necessary to resolve whether or not [Mr. Daniels'] First Amendment rights . . . were violated." *Id.*

**1**

Mr. Daniels urges that remand is appropriate because the claim in Count II amounts to "a state law tort claim for wrongful discharge contrary to public policy." [R. 7 at 3.] He insists that pointing to the First Amendment as the source of the public policy is insufficient for federal question jurisdiction. *Id.*

Kentucky state law recognizes the common law tort of retaliatory discharge in violation of public policy. *See Knott County Bd. of Educ. v. Patton*, 415 S.W.3d 51, 55 (Ky. 2013); *Boykins v. Housing Authority of Louisville*, 842 S.W.2d 527 (Ky. 1992). "An employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law[.]" *Boykins*, 842 S.W.2d at 529 (citing *Fireston Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983)). Further, "[t]he public policy must be evidenced by a *constitutional or statutory provision*." *Id.* (emphasis in original). In Count II of his complaint, Mr. Daniels pleads retaliatory discharge in violation of public policy, and points to the First Amendment as the source of the public policy at issue.

Though not cited by either party, the Court finds the Sixth Circuit's opinion in *Eastman v. Marine Mechanical Corporation* to be almost directly on point. 438 F.3d 544 (6th Cir. 2006). There, the plaintiff filed suit in Ohio alleging the common law tort of retaliatory discharge in

4

violation of public policy. *Id.* at 546. Although it was a state law claim, the plaintiff cited federal statutes as the source of the public policy, and the defendant filed its notice of removal on that basis. *Id.* at 548. Ultimately, the Sixth Circuit held "that a state-law employment action for wrongful termination in violation of federal public policy does not present a substantial federal question over which federal courts may exercise 'arising under' jurisdiction under 28 U.S.C. § 1331." *Id.* at 553. The *Eastman* court based its holding on its findings that the meaning of the federal statues cited by plaintiff, which prohibited submitting fraudulent claims to the federal government in connection with military manufacturing contracts, was not in dispute, and that accepting jurisdiction would upset the balance between state and federal courts. *Id.* The panel noted that "[e]mployment litigation is a common occurrence in both federal and state courts[,]" however "the bulk of the judicial business in the United States in this area is conducted by the state courts." *Id.*

The same is true here. Nobody contests the importance of the First Amendment in the United States, and it is not necessary for this Court to discern—as many courts have already done—the contours of that right in order to decide Mr. Daniels' claim. The question is not whether the First Amendment was violated. It wasn't, because the First Amendment only protects one's right to freedom of speech against government actors, not private corporations. The question is whether there is public policy in Kentucky that protects against retaliatory discharge from employment based on what someone says. Furthermore, the Court agrees that it would be unwise to let state public policy claims to be "converted into federal actions by the simple expedient of referenced federal law as the source of that public policy." For the foregoing reasons, this Court does not have jurisdiction, and Mr. Daniels' Motion to Remand [R. 7] is GRANTED.

5

**III**

Whatever relief Mr. Daniels may be entitled to, it is not rooted in the First Amendment. The Kentucky courts are best suited to evaluate their own public policies. Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** that Plaintiff's Motion to Remand [**R. 6**] is **GRANTED**.

This the 17th day of December, 2019.

Gregory F. Van Tatenhove
United States District Judge